UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ML PRIVATE FINANCE LLC, )
      Plaintiff, )
vs. ) Case No.:
TERRENCE L. MEALY, )
      Defendant. )

## COMPLAINT

ML Private Finance LLC, by and through its counsel, Loeb & Loeb, LLP, hereby complains of defendant as follows:

### PARTIES

1. Plaintiff ML Private Finance LLC ("ML Private Finance"), is a Delaware limited liability company with its main office located in New York.

2. Defendant Terrence L. Mealy ("Mealy") is an individual and a citizen of the State of Iowa.

### VENUE AND JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred in this judicial district.

5. Additionally, pursuant to the terms of the "Loan Agreement" and the "Guaranty" (as each is defined below), Defendant Mealy has submitted to the venue and jurisdiction of this Court.

## INTRODUCTION

6. In this action, ML Private Finance seeks to enforce its rights and remedies with respect to (a) a certain business loan made to Defendant Mealy totaling $24,400,000.00 in principal amount, and (b) a guaranty that Defendant Mealy made with respect to that loan. Specifically, ML Private Finance seeks, among other things, entry of judgment in its favor for the outstanding amounts due.

## BACKGROUND

I. **ML Private Finance Advanced a $24,400,000.00 Loan to Mealy.**

7. On February 15, 2008, ML Private Finance made a loan to Mealy in the original principal amount of $24,400,000.00 (the "Loan"). Modern Warehousing, LLC, an Iowa limited liability company, Warehouse Distributing, LLC, an Iowa limited liability, Musser Street Investments, L.C., an Iowa limited liability company and Hotel Enterprises, LLC, an Iowa limited liability (the "Mealy Companies") were co-borrowers of the Loan.

8. The Loan is evidenced, in part, by a Promissory Note dated February 15, 2008 in the original principal amount of $24,400,000.00 (the "Note") executed and delivered by Mealy and the Mealy Companies (collectively referred to as the "Mealy Entities") to ML Private Finance. A true and correct copy of the Note is attached hereto and incorporated herein as Exhibit A.

9. Further evidencing the Loan, ML Private Finance and the Mealy Entities entered into that certain Loan Agreement dated February 15, 2008 (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as Exhibit B, and all the related

transaction documents entered into in connection with the Loan Agreement are referred to herein as the "Loan Documents."

## II. Mealy Guaranteed Payment of the Total Indebtedness Due Under the Loan.

10. To induce ML Private Finance to provide the Loan to the Mealy Entities, Mealy also executed and delivered that certain Payment of Guaranty dated February 15, 2008 (the "Guaranty") in favor of ML Private Finance. A true and correct copy of the Guaranty is attached hereto and incorporated herein as Exhibit C.

11. Pursuant to the Guaranty, Mealy guaranteed payment of, among other things, the total indebtedness owed under the Loan Documents plus all "Enforcement Costs" which include attorneys' fees, costs and expenses. (Ex. C (Guaranty) at 1 and 7.)

## III. Mealy and the Other Mealy Entities Defaulted on the Loan.

12. Pursuant to the Loan Documents, Mealy and the other Mealy Entities agreed to comply with certain financial and non-financial covenants, including the Loan to Value Ratio covenant as set forth in Section 4.2(g) of the Loan Agreement.

13. In the event that Mealy and the other Mealy Entities defaulted on their obligations to comply with certain financial and non-financial covenants, the Loan Documents provide that such indebtedness would bear interest at the "Default Rate" equal to LIBOR (as defined in the Note) plus 6.30% per annum.

14. Moreover, pursuant to Section 8 of the Loan Agreement, ML Private Finance may, at its option, upon the occurrence of an Event of Default, declare all obligations owed by Mealy and the other Mealy Entities to be immediately due and payable.

15. By letters dated March 15, 2010, May 6, 2010 and July 15, 2010, ML Private Finance notified Mealy and the other Mealy Entities that they had defaulted under the Loan Documents due to their failure to comply with numerous provisions of the Loan Agreement (the

"First Default Notice," "Second Default Notice" and "Third Default Notice," respectively). True and correct copies of the First Default Notice, Second Default Notice and Third Default Notice are attached hereto and incorporated herein as Exhibits D, E and F, respectively.

16. In the Third Default Notice, ML Private Finance declared that interest would thereafter accrue at the Default Rate as provided for in the Loan Documents in light of the uncured defaults by Mealy and the other Mealy Entities.

17. By letter dated August 12, 2010, ML Private Finance again notified Mealy and the other Mealy Entities that they had defaulted under the Loan Documents as described in the First Default Notice, Second Default Notice and Third Default Notice, and additionally by failing to comply with the Loan to Value Ratio covenant (the "Fourth Default Notice"). A true and correct copy of the Fourth Default Notice is attached hereto and incorporated herein as Exhibit G.

18. Pursuant to the Loan to Value Ratio, the balance of the Loan may not at any time exceed 75% of the most current appraised value of the Warehouse Properties and 65% of the most current appraised value of the Hotel Property (as defined in the Loan Agreement). Based upon appraisals obtained by ML Private Finance, the appraised value of the Hotel Property was $3,000,000.00 and the appraised value of the Warehouse Properties was $14,640,000.00. Consequently, 65% of the Hotel Property is $1,950,000.00 and 75% of the Warehouse Properties is $10,980,000.00. Because the balance of the Loan was $22,123,600.00, the shortfall on the Loan to Value Ratio was $9,193,600.00.

19. In the Fourth Default Notice, ML Private Finance demanded, among other things, that Mealy and the other Mealy Entities pay ML Private Finance $9,193,600.00 on or before August 31, 2010 to cure the breach of the Loan to Value Ratio covenant.

20. Notwithstanding ML Private Finance's demands, Mealy and the other Mealy Entities failed to cure, among other things, the breach of the Loan to Value Ratio covenant.

21. Consequently, by letter dated September 14, 2010 (the "Acceleration Notice"), and as permitted under the Loan Agreement, ML Private Finance accelerated the Loan and all of the obligations and liabilities of Mealy and the other Mealy Entities under the Loan Documents, making them immediately due and payable. A true and correct copy of the Acceleration Notice is attached hereto and incorporated here in as Exhibit H. The Acceleration Notice demanded payment in full of the Loan on or before September 17, 2010.

22. Mealy and the other Mealy Entities have failed to pay the Loan and all of their obligations and liabilities under the Loan Agreement in full.

23. As of October 20, 2010, Mealy and the other Mealy Entities owed unpaid principal totaling $21,798,400.00 exclusive of interest, costs, expenses, and fees. Interest on the unpaid principal balance owed by Mealy and the other Mealy Entities on account of the Note continues to accrue at the Default Rate.

24. ML Private Finance has fulfilled all of its obligations under the Loan Documents.

## COUNT I – BREACH OF CONTRACT
(Mealy, as co-borrower)

25. ML Private Finance restates and incorporates paragraphs 1 through 24, as if fully set forth herein.

26. For good and sufficient consideration, ML Private Finance and Mealy entered into the Loan Documents, pursuant to which ML Private Finance loaned the outstanding principal amount of $24,400,000.00 to Mealy.

27. Mealy breached the Loan Documents by, among other things, failing to pay the Loan in full after acceleration and to comply with certain covenants under the Loan Documents, including the Loan to Value Ratio covenant.

28. As a direct and proximate result of Mealy's breach of the Loan Documents, ML Private Finance has suffered damages in the amount of the unpaid principal and accrued interest. ML Private Finance has further been damaged by Mealy's breach in that ML Private Finance has incurred reasonable costs and expenses, including attorney fees, in attempting to collect payment.

### COUNT II – BREACH OF GUARANTY
(Mealy, as guarantor)

29. ML Private Finance restates and incorporates paragraphs 1 through 24, as if fully set forth herein.

30. For good and sufficient consideration, Mealy issued the Guaranty in favor of ML Private Finance.

31. Mealy has not paid the amounts outstanding under the Loan Documents.

32. Mealy breached his obligations under the Guaranty by failing to pay to ML Private Finance the amount owing under the Guaranty.

33. As a direct and proximate result of Mealy's breach of the Guaranty, ML Private Finance has suffered damages in the amount of $21,798,400.00 (the amount of principal due under the Loan Documents that Mealy guaranteed), plus the accrued interest due under the Loan Documents, and the reasonable costs and expenses, including attorney fees, in attempting to collect payment, including in bringing this action.

**WHEREFORE**, Plaintiff ML Private Finance LLC, respectfully requests this Court to:

(a) enter judgment in favor of ML Private Finance LLC holding Defendant Terrence L. Mealy liable as a co-borrower under the Loan Documents for $21,798,400.00 (representing outstanding principal amount due and owing under the Loan Documents), plus interest accruing at the Default Rate and costs and expenses, including attorney's fees and expenses, as provided for by the Loan Documents and applicable law in an amount to be proved at trial;

(b) enter judgment in favor of ML Private Finance and against Defendant Terrence L. Mealy as guarantor for $21,798,400.00 (the amount of principal due under the Loan Documents that Mealy guaranteed), plus interest accruing at the Default Rate as provided for by the Loan Documents, and reasonable costs and expenses, including attorney's fees, incurred in attempting to collect payment, including bringing this action, as provided for in the Guaranty in an amount to be proved at trial; and

(c) grant ML Private Finance such other and further relief as the Court may deem just and appropriate.

Dated: October 22, 2010

Respectfully submitted,

ML PRIVATE FINANCE LLC

By: /s/ Michael L. Molinaro
One of Its Attorneys

Michael L. Molinaro (ARDC No.: 6183321)
Melissa A. Mickey (ARDC No.: 6290226)
LOEB & LOEB LLP
321 North Clark Street, Suite 2300
Chicago, Illinois 60654
Telephone: (312) 464-3100
Facsimile: (312) 464-3111

*Counsel for Plaintiff ML Private Finance LLC*