# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6816 | **DATE** | 9/14/2011 |
| **CASE TITLE** | Bank of America vs. Terrence L. Mealy | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, Receiver's "Motion for Approval of the Receiver's Report, Reimbursement of Receiver's Expenses, and Payment of Receiver's Fees" [69] is granted in part and denied in part. The court approves Receiver's request for $79,317.50 in fees and $1,076.67 in expenses for the term May 12, 2011 through June 30, 2011.

■[ For further details see text below.]

Notices mailed.

## STATEMENT

Receiver Daniel F. Dooley ("Receiver") seeks $86,592.50 in fees and $1,494.95 in expenses for the term May 12, 2011 through June 30, 2011. Defendants have objected to $23,643.28 of these fees and expenses on the grounds that they were billed by Frontline personnel "for services related to the leasing and sale of the subject real estate" (Dkt. No. 79 at 2), noting that the court denied Receiver's motion to retain Frontline as a sale and leasing agent on August 10, 2011.

In his "Motion to Retain Frontline Real Estate as Sale and Leasing Agent" (Dkt. No. 53), Receiver initially represented that "[t]here will be no billing for hourly fees association with [brokerage and leasing activities] for both the Receiver and Frontline." (Dkt. No. 53 ¶ 5.) The court accepts Receiver's explanation that this approach was intended only in the event that Frontline was actually retained as a sale and leasing Agent, so as to prevent "double-dipping" for Frontline personnel through both hourly fees and commission-based fees. The court further accepts Receiver's explanation that he did not intend to abdicate his right to rely on Frontline consultants in other capacities in administering the receivership.

Generally speaking, Receiver is correct in asserting that he has been authorized to engage staff consultants to assist him with administration of the receivership. The fact that some of these consultants are also employees of Frontline does not automatically disqualify Receiver's request for fees. The court, however, notes two areas of concern.

First, although the court denied Receiver's motion to retain Frontline as sale and leasing agent, two Frontline principals engaged by Receiver to assist with administration of the receivership—Joshua Joseph ("Joseph") and Mitch Kahn ("Kahn")—have nevertheless billed hours for "sale of property" and "leasing activities." (Dkt. No. 68, Ex. G.) Receiver contends that the duties actually performed by Joseph and Kahn "did not include leasing or selling the Properties" (Dkt. No. 81 at 7), but he does not satisfactorily explain why Joseph and Kahn billed under these headings. Rather, Receiver states only "that time depicts activities

provided by Joseph and Kahn . . . to help the Receiver fulfill his duties to the Court." (*Id.* at 8.) Without more explanation, the court is not persuaded that these fees are appropriate. Accordingly, the court deducts $6,825.00 in fees for Joseph (19.5 hours x $350/hr) and $450.00 in fees for Kahn (1 hour x $450/hr) from the total amount of fees requested by Receiver.

Second, there appears to be a discrepancy in the record regarding the purpose of Joseph's travel to inspect the Properties. On the one hand, a July 21, 2011 email from Receiver states "to be clear Josh Joseph will visit the facilities as the Receiver's representative." (Dkt. No. 67, Ex. 4.) However, in filings before the court, Receiver also noted that Joseph "was on site at various Properties to inspect the Properties and to begin to better understand how the Properties can and should be marketed nationally and locally." (Dkt. No. 73 at 7.) Receiver notes that this activity was undertaken by Frontline, "[a]t its own expense, and risking not being ever reimbursed for any of its own expenses." (Dkt. No. 73 at 7.) Defendants have argued that the $418.28 billed by Joseph for travel is an expense "related to the leasing and sale of the subject real estate." (Dkt. No. 79 at 2.) Because Receiver has not adequately responded to this challenge, and there is evidence before the court supporting Defendants' concerns, the court deducts $418.28 from the total expenses requested by Receiver.

Other than the deductions noted above, Receiver's "Motion for Approval of the Receiver's Report, Reimbursement of Receiver's Expenses, and Payment of Receiver's Fees" (Dkt. No. 69) is granted. Fees are approved in the amount of $79,317.50 and expenses are approved in the amount of $1,076.76.

*James F. Holderman*

| | Courtroom Deputy Initials: | A.M.M. |
|---|---|---|